# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:06-CR-00399-LSC-JEO |
| | ) |
| MATTHEW DENNIS GROGAN | ) |

## PLEA AGREEMENT AND CONDITIONS

The United States of America, the defendant and defendant's attorney each hereby acknowledges the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

## PLEA

The United States and the defendant hereby AGREE to the following:

(A) <u>Plea</u>: The defendant will plead guilty to Count 1 of the Indictment filed in the above numbered and captioned matter.

(B) <u>Recommendation</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C) (Binding Plea Agreement) and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will recommend that:

(1) The defendant be sentenced to a term of 13 months and 3 days imprisonment, with the defendant to be given credit against that sentence for any and

MDG

all time he has been in state or federal custody since May 24, 2006.

(2) The defendant be placed on supervised release for a period of 3 years and subject to the standard conditions of release, as well as the following special conditions:

(a) That the defendant be required to seek and receive psychiatric or psychological treatment as directed by Probation, unless the defendant seeks and obtains prior permission from the Court.

(b) That the defendant be required to take all medications prescribed as a result of such treatment, unless the defendant seeks and obtains prior permission from the Court.

(c) That the defendant not make or possess any firearms, or reside in any location where firearms are stored.

## TERMS OF THE AGREEMENT

**I.    MAXIMUM PUNISHMENT:**

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Section 5861(d), as charged in Count 1, is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000, or,

c. Both (a and b);

d. Supervised release of not more than 3 years; and

e. Special Assessment Fee of $100 per count.

II. **FACTUAL BASIS FOR PLEA**:

The defendant hereby stipulates to the accuracy of the following information:

On May 24, 2006, members of the Alabaster Police Department were dispatched to the defendant's apartment to assist the Shelby County Department of Human Resources in their efforts to take custody of Grogan's two-year old daughter. Subsequent to that event, officers made lawful entry into the defendant's residence, at which time they observed a hand grenade which was silver in color and contained a cannon fuse. The officers then contacted Bureau of Alcohol, Tobacco, and Firearms to provide assistance in handling the grenade. Subsequent investigation determined that lighting the fuse would have ignited the black powder, causing explosion. This explosion would have projected metal fragments at high velocity in all directions and would have caused injury or death to persons near the explosion, as well as property damage.

The grenade constituted "destructive device" as defined in 26 U.S.C. § 5845(f). By statute, the firearm was required to be registered in the National Firearms

Registration and Transfer Record. At no time was the grenade so registered.

## III. <u>BINDING PLEA AGREEMENT</u>:

It is the Court's duty to impose sentence. Should the Court accept this plea agreement, it is bound to impose the sentence recommended by the government and recited herein.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

**As a term and condition of this Plea Agreement I, MATTHEW GROGAN, hereby waive my right to appeal my conviction in this case, any fines, restitution, and/or sentence that the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:**

**The defendant reserves the right to contest in an appeal or post-conviction proceeding:**

    **(a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and**

    **(b)    Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at**

MDG

the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, MATTHEW GROGAN, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Matthew Dennis Grogan*
MATTHEW GROGAN

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## VIII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## IX. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of nine (9) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

[ *Wellbutrin, Risperdol, Zoloft and Trazodone* ]
(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to

the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

6-19-07
DATE

*Matthew Dennis Grogan*
*Matt Grogan*
**MATTHEW GROGAN**
Defendant

## X. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised his of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

6/19/07
DATE

Max Pulliam, Esq.
Defendant's Counsel

## XI. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

6/20/07
DATE

WILLIAM C. ATHANAS
Assistant United States Attorney